UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 22-80180-Cr-CANNON/REINHART

UNITED STATES

    Plaintiff

vs.

DOYLE CLEARE, and
HOWARD WRIGHT,

    Defendants
_____/

## DEFENDANT WRIGHT'S SENTENCING MEMORANDUM AND MOTION FOR VARIANCE

1.    On March 15, 2023, Howard Wright pled guilty to one count of an eight-count Indictment. Count Eight was the only count against Wright and charged illegal re-entry after removal, in violation of 8 U.S.C. § 1326(a), (b)(1). The remaining counts concerned Doyle Cleare solely.

2.    After a presentence investigation, a final presentence report ("PSR") was prepared and disclosed on May 16, 2023.

3.    On May 17, 2023, the government filed a motion for downward departure requesting that the Court grant a one-third (1/3) reduction of the defendant's sentence for the reasons contained in the government's motion.

### OBJECTIONS

4.    There are no objections to the report or the advisory guideline range.

## THE ADVISORY GUIDELINE CALCULATION

5. According to the PSR, Wright has an adjusted offense level of 12 and a criminal history category of II. [PSR, ¶ ¶ 16-24; 30].

6. Wright is expected to receive a two-level reduction in his offense level for acceptance of responsibility thereby reducing his offense level to 10. [PSR, ¶¶ 16-24]. As a result of this reduction and a criminal history category of II, Wright faces an advisory guideline imprisonment range of 8 to 14 months and removal proceedings once he completes his sentence. [PSR, ¶¶ 40; 64]

## WRIGHT'S MOTION FOR VARIANCE FROM THE ADVISORY GUIDELINE RANGE

7. The foregoing paragraphs are incorporated by reference.

8. In determining a reasonable sentence, this Court must not only consider the sentencing guidelines but also the factors set forth in 18 U.S.C. §3553(a). The factors set forth in §3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;(2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;(B) to afford adequate deterrence to criminal conduct;(C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;(3) the kinds of sentences available;(4) the advisory guideline range;(5) any pertinent policy statements issued by the Sentencing Commission;(6) the need to avoid unwarranted sentence disparities; and(7) the need to provide restitution to any victims of the offense.

9. Wright's advisory guideline range, after acceptance of responsibility and before consideration of the government's motion for departure, is 8 to 14 months.

10. At the time of sentencing on May 30, 2023, Wright will have been in custody for 7 months.

11. Wright faces deportation/removal once his sentence is served. [PSR, ¶3;40]

12. Wright will be detained for an uncertain period before he is removed following whatever sentence this Court orders.

13. Wright's candor when questioned after he was apprehended and willingness to testify against his co-defendant Doyle Cleare, caused Cleare to enter a plea and not waste judicial resources.

**WHEREFORE,** this Court should grant Wright's Motion for variance under §3553(a) and sentence him to a time-served sentence.

s/**JAMES A. SWETZ**
James A. Swetz, Esq. (Florida Bar No. 0893668)
Attorney Email Address: jaswetz@jaswetzlaw.com
2312 Wilton Drive, Ste 23
Wilton Manors, Fl. 33305
(Tel.) 954-800-6450
Attorney for Defendant Howard Wright

## MEMORANDUM AND ARGUMENT IN FAVOR OF A TIME-SERVED SENTENCE

Regardless of the government's motion for departure requesting that the Court grant Wright a one-third reduction in his sentence, there are reasons supporting a variance and a sentence less than the advisory guideline sentence of 8 to 14 months. What sentence below the advisory guideline range of 8 to 14 months would be reasonable and a sentence not greater than necessary to satisfy the sentencing factors under 3553(a)?

Wright recognizes that he has committed a serious offense, faces removal upon completion of his sentence, and that the Court must consider the need to deter not only Wright but others who might be tempted to enter or re-enter the country illegally. However, the need to deter Wright and others from committing similar offenses, to provide just punishment and to

protect the public, must be balanced against Wright's history and characteristics, including the effort he expended in attempting to save the occupants of the boat.

Wright is a citizen of Jamaica. Jamaica is rife with gang violence and official corruption. [Jamaica Success in Gang Case but Violence Continues (insightcrime.org)](#) ; [Panic in Paradise: Jamaica's Battle with Corruption (democratic-erosion.com)](#) As a result of the gang violence Wright experienced in Jamaica and his fear that he may become a victim of that violence, Wright sought asylum in the United States in 2012. However, the application was denied despite the application being detailed, consistent, plausible, and credible. [PSR ¶¶ 37-42]. After being removed from this country, Wright eventually fled Jamaica and settled in Cuba.

If it were not for Wright's actions on the boat, the boat's occupants may not have survived the voyage. According to the investigation and Wright's statement to authorities, Wright traveled to the Bahamas from Cuba. He paid a smuggler in the Bahamas approximately $10,000 to be taken to the United States. Before he left the Bahamas for the United States, he stayed in "run down houses" in Nassau, Freeport, and Bimini until October 25, 2022, when he was taken by boat to another vessel. Wright, together with other migrants, then traveled approximately three hours or so before the vessel broke down. According to Wright, his co-defendant and captain of the boat, Doyle Cleare, lost the GPS overboard when a wave hit the boat. He and Cleare fought because Cleare was doing nothing to help them. Wright was particularly concerned with the child on the boat whose only available food was seaweed Wright and the others grabbed from the ocean. [PSR ¶ 9] While drifting in the ocean, the vessel began to take on water and Wright, to save himself, the child and the other occupants, began to bail water from the boat while Cleare went into the cabin refusing to help. The Coast Guard encountered the sinking boat by happenstance shortly before it sank. [PSR ¶¶ 4-9]

At the time of his sentence, Wright will have been incarcerated for approximately seven months. Upon his release from federal prison after serving whatever sentence this Court orders, Wright faces certain removal from this country. However, his removal will not be immediate. Although Immigration and Customs Enforcement ("ICE") states the average length of detention in an immigration detention center is 63.5 days,[1] it is not unusual for detention to continue for months.[2]

Wright's future pre-removal detention will increase the period he will be imprisoned and in custody after he serves his sentence in this case. Wright's future pre-removal detention should be considered by this Court in fashioning whatever sentence Wright will face even if the government's departure motion is granted by this Court.

Wright requests this Court to order a time-served sentence so that he may immediately be transferred to ICE for detention pending removal. While Wright has previously been convicted of illegal re-entry as an aggravated felon,[3] a time-served sentence will not depreciate the seriousness of Wright's offense. Unlike his co-defendant, Wright did not lie to authorities about his intention to enter the United States. While the Court has the responsibility in sentencing to balance the need to deter the defendant and others who might contemplate an illegal entry or re-

---

[1] [U.S. Immigration and Customs Enforcement FY 2020 Enforcement and Removal Operations Report (ice.gov)](), p.10.

[2] *Scott v. United States,* 16-cv-1618 (August 12, 2019 SDNY), at p. 10. ("Petitioner claims the prospect of his deportation should have been considered as a mitigating circumstance because it made him ineligible for both the Residential Drug Abuse Program ("RDAP") and a placement in a halfway house…He further contends that, after the completion of his sentence, he will likely spend six to eight months in a U.S. Immigration and Customs Enforcement holding facility awaiting deportation")

[3] The crime for which Wright was originally deported is no longer an aggravated felony. See, Government's Departure Motion, D.E. 46, p.2 N2.

entry to the United States, Wright's truthfulness and cooperation counterbalance the need to deter. It was Wright's availability as a witness and candid, truthful cooperation from his initial apprehension, which caused his co-defendant to enter a plea and not waste judicial resources on a trial. *United States v. Stewart,* 590 F.3d 93, 141 (2d Cir. 2009) ("The court concluded that this cooperation "demonstrates a willingness to help law enforcement and reduces the need for rehabilitation and deterrence." … And of course, use of a defendant's cooperation to justify significant variances or departures from the otherwise applicable Guidelines calculations is commonplace.")

For these reasons, Wright requests that the Court sentence him to a time-served sentence.

Respectfully Submitted,

s/**JAMES A. SWETZ**
James A. Swetz, Esq.  (Florida Bar No, 0893668)
Attorney Email Address: jaswetz@jaswetzlaw.com
2312 Wilton Drive, Ste 23
Wilton Manors, Fl. 33305
(Tel.) 954-800-6450
Attorney for Defendant Howard Wright

## CERTIFICATE OF SERVICE

I, James A. Swetz, Esquire, Attorney for Defendant, hereby certify that I served a copy of the foregoing Motion on May 21, 2023 on all counsel of record by electronic delivery using CM/ECF.

Respectfully Submitted,

s/**JAMES A. SWETZ**
James A. Swetz, Esq. (Florida Bar No, 0893668)
Attorney Email Address: jaswetz@jaswetzlaw.com
2312 Wilton Drive, Ste 23
Wilton Manors, Fl. 33305
(Tel.) 954-800-6450
Attorney for Defendant Howard Wright