UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-80180-Cr-CANNON

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

HOWARD WRIGHT, et al.,

          Defendants.
_____/

**GOVERNMENT'S RESPONSE
TO DEFENDANT WRIGHT'S
MOTION FOR DOWNWARD VARIANCE (DE 47)**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney and hereby submits for the Court's consideration in sentencing the instant Government's Response to Defendant Wright's Motion for Downward Variance (DE 47). In response thereto, the government states as follows:

**I.    ARGUMENT**

As the Court is aware, on May 17, 2023, the government filed a motion on behalf of defendant pursuant to USSG § 5K1.1, requesting this Honorable Court grant defendant Wright a one-third reduction in his sentence based on his provision of substantial assistance to the government in the prosecution of another individual in a significant case (DE 46). On May 21, 2023, defendant, through counsel, filed a motion seeking a downward variance requesting a sentence of time served (DE 47).

It is submitted that this case presents a difficult balancing of equities. In defendant's favor and to his credit, the government agrees that: First, as stated previously, defendant Wright fully cooperated from his first contact with U.S. law enforcement and continued to do; Second, the successful prosecution of his codefendant would likely have not been possible but for that cooperation, given the circumstances of this case; Third, the government has no reason to disbelieve defendant Wright's statements about having assisted the other aliens on board the smuggling vessel survive at sea, and defendant Wright was observed physically fighting codefendant Cleare by U.S. Coastguard personnel as they approached the smuggling vessel which provides some corroboration of Wright's version of events.

On the reverse side of the equation, the defendant does have an approximate 23 year-old past conviction for Conspiracy to Traffic in Cannabis Over 50 LBS, less than 2,000 LBS from 1999 (DE 44, ¶ 28, at 8). While this offense no longer qualifies as an Aggravated Felony under Eleventh Circuit precedent as stated in the government's 5K1.1 motion (*see* DE 46, ¶ 2, at 2 & n.2), and thus this Honorable Court can certainly consider the fact that the defendant's criminal history category was adjusted to a Level II based on a sentence which would likely have been different if imposed today, the government must note that a prior 41-month sentence did not ultimately deter the defendant from attempting to reenter the United States some eleven years following his release from U.S. Custody (DE 44, ¶ 29, at 9). The defendant also has two arrests (but no convictions) for two violent offenses noted in the "Other Criminal Conduct" section of the Presentence Investigation Report (*id.*, ¶¶ 32, 33, at 10). However, those offense occurred in 2001 and 2009, when the defendant was 29 and 36 (*id.*). Defendant Wright is now 53 (*id.*, at 3).

Defense counsel further argues that "Wright will be detained for an uncertain period before he is removed following whatever sentence this Court orders" as an additional reason in favor of a further variance mitigation of defendant's sentence to time served (DE 47, at 3, 5).  However, the government must respectfully disagree that the defendant could reasonably expect to be delayed even the "average length of detention [of] 63.5 days," much less "for months" (*id*., at 5).  The figure cited by the defendant of 63.5 days, which include removal to distant countries like Nepal or the United Arab Emirates.  When detention stretches to months it is almost always entirely due to a defendant contesting their removal, and attempting to stay in the United States.  According to ICE Deportation Officer Ronald Andersson, removals to Jamaica generally take no more than three (3) weeks, including obtaining the necessary travel documentation from Jamaica.

## II. CONCLUSION

For the reasons set forth above, while the government entirely and wholeheartedly believes that the defendant provided substantial assistance to the government and respectfully requests this Honorable Court to grant the government's 5K1.1 motion and reward him accordingly for that decision, the government believes the Court is best suited to determine whether any further reduction of the defendant's sentence is warranted, and would respectfully defer to the Court in that regard.

                          Respectfully submitted,

                          MARKENZY LAPOINTE
                          UNITED STATES ATTORNEY

BY:      s/ *John C. McMillan*
           JOHN C. McMILLAN
           ASSISTANT UNITED STATES ATTORNEY
           Admin. No. A5500228
           500 S. Australian Ave., Suite 400
           West Palm Beach, FL 33401
           Office:   (561) 820-8711
           Email: John.McMillan@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 22, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  According to the Court's website, counsel for all parties are able to receive notice via the CM/ECF system.

By:     /s/ *John C. McMillan*
        JOHN C. McMILLAN
        ASSISTANT UNITED STATES ATTORNEY